TARDI, PETITIONER AND APPELLEE, *v.* TARDI, CONTESTANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action for Designation of Heirs.

No. 2468.—Decided March 17, 1922.

DESIGNATION OF HEIRS — PLEADING — AMENDMENT — DISCRETION OF COURT.—An amendment to a petition for a designation of heirs allowed by the court at the trial is no ground for reversal unless it is shown that the court abused its discretion.

ID.—EVIDENCE.—In this case it was held that considered in the light of the principles laid down in *Ex parte Otero et al.*, 27 P. R. R. 315, the evidence was sufficient.

ID.—JUDGMENT—JURISDICTION.—It can not be concluded that a judgment in pro-

ceedings for a designation of heirs was entered without jurisdiction because it was not rendered within six days after the trial, as required by section 20 of the Law of Special Legal Proceedings, for that is a directive provision and does not affect the jurisdiction.

The facts are stated in the opinion.

*Mr. A. A. Vázquez* for the appellant.

*Mr. J. Alemañy Sosa* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal taken by the contestant from a judgment of the District Court of Mayagüez designating as the heirs of Tomasia Lina Tardi y Ramírez, known as Adela Tardi y Ramírez, her legitimate nieces María Edelmira, Eugenia Amelia and María Ernestina Tardi y Muñiz.

In an opinion which appears in the record the district court narrates clearly and correctly the facts involved and the incidents of the proceeding and states the conclusions which served as a basis for the judgment appealed from. We think it well to transcribe that opinion. It reads as follows:

"In the petition it is alleged under oath that Tomasia Lina Tardi y Ramírez, known as Adela Tardi y Ramírez, died in this city of Mayagüez, which was the place of her last domicile, on the 28th of March, 1918, without having made any testament or will; that the said deceased was the legitimate daughter of Juan Tardi y Bernat and his wife, Antonia Ramírez de Arellano, from which marriage there were also two other legitimate children named Rosalía and Adolfo, who died prior to the death of Adela, the former leaving no ascendants or descendants of any kind, and the latter leaving three legitimate daughters who are still alive, named Eugenia Amelia, María Ernestina and María Edelmira Tardi y Muñiz; that the said Tomasia Lina Tardi y Ramírez, known as Adela Tardi y Ramírez, was married first to Antonio Fraccioni y Virgili and after his death to Justo García y Cos who also left her a widow, and that she had no children by either of her husbands, nor any natural children.

"Aniano Tardi opposes this petition, alleging that Tomasia Lina Tardi was not known as Adela Tardi; that they were two distinct

persons, the former having died in Sabana Grande over forty. years before and Adela, who was a sister of the contestant, having died recently in Mayagüez. He denies all the other allegations of the petition under the same theory of lack of identity between Tomasia Lina and Adela.

"The trial was commenced on November 5, 1919, the petitioner, María Ernestina Tardi y Muñiz, appearing by attorney J. Alemañy y Sosa, of the professional firm of Feliú & Alemañy, and the contestant by attorney Angel A. Vázquez. The trial was proceeded with on November 12 and December 11, 1919. The case was argued at length by the attorneys for the parties, both orally and by briefs. The argument was confined to the sufficiency of the evidence to support the allegations of the petition for a declaration of heirship, inasmuch as the contestant produced no evidence in support of his opposition nor for the purpose of establishing the facts relative to his right to succeed or inherit from the deceased. The contest in this case has been really an exceptional one, for it shows that a person has been constantly intervening and opposing the acknowledgment of the hereditary rights of others and when the time comes for him to prove his better right to the inheritance he fails to offer or produce a single element of evidence to establish it. The contestant in fact has been acting for the government by prosecuting the proceedings, not relying on a better right to the estate of the deceased than the person mentioned in the petition have, but on a right of reversion.

"The original petition in this case designated the deceased by the name of Adela; but it was amended by the court's leave in this particular and another one was filed naming her as Francisca Lina, known as Adela, and the petitioner's attorney immediately informed the court that his clerk had made a mistake in typewriting the amended petition because instead of writing Tomasia Lina he had written Francisca Lina, and he asked the court for permission to correct this clerical error in the amended petition. The court granted him leave to file a new amended petition giving the real name of the deceased and the petition was filed, the name of the decedent appearing as Tomasia Lina Tardi y Ramírez, known as Adela Tardi y Ramírez.

"The petitioner offered oral and documentary evidence in support of her allegations.

"From the evidence examined the court concludes that Tomasia Lina Tardi y Ramírez and Adela Tardi y Ramírez were one and

the same person, although she was only known by and used the second name. The court believes absolutely the testimony of Luis Martínez, a man over eighty years of age. This witness knew the deceased when he and she were very young. He was a friend of her family and visited her house frequently. There on several occasions he participated in conversations with the father of the deceased and with her, and her father spoke of the consequences which might follow her having changed her real name of Tomasia Lina to that of Adela because she thought that the name of Tomasia was a vulgar one and that being called by that name was a source of mortification to her.

The other witness, María Edelmira Tardi y Muñiz, a niece of the deceased who lived with her for many years, also testified that she had told her on several occasions that her real name was Tomasia Lina, but that she had never used it or permitted anybody to call her by it.

"In the partition of the estate of the father of the deceased, Juan Tardi y Bernat, which was made by his legitimate and natural children and offered in evidence by the petitioner and admitted by the court, the said deceased, in harmony with her lifelong opinion as to her name, called herself Adela; but among the documents protocoled as a result of the partition her baptismal certificate contains her real name of Tomasia Lina Tardi y Ramírez.

"In that certificate of the partition of the estate of the deceased Juan Tardi y Bernat, to which Tomasia Lina Tardi y Ramírez, known as Adela Tardi y Ramírez, and the contestant herein, Aniano Tardi, were parties, the relationship existing between the said Adela Tardi y Ramírez and the contestant Aniano Tardi appears clearly. Both were the children of Juan Tardi y Bernat, but Adela and her brother Adolfo and sister Rosalía were legitimate children, while Aniano and others were natural children.

"The court also finds from the evidence that Tomasia Lina Tardi y Ramírez, known as Adela Tardi y Ramírez, died in Mayagüez, the place of her last domicile, on the 28th of March, 1917, without making any will or testament and without leaving any legitimate or natural children or descendants, nor ascendants of any kind or degree of relationship, and as to the collateral relatives of the said deceased at the time of her death there were and still are alive only three legitimate nieces, daughters of her brother Adolfo, named Eugenia Amelia, María Ernestina and María Edelmira Tardi y Muñiz.

"From the above findings of fact the court reaches the conclusion that the only persons entitled to the estate or succession of the said deceased Tomasia Lina Tardi y Ramírez, known as Adela Tardi y Ramírez, are her legitimate nieces Eugenia Amelia, María Ernestina and María Edelmira Tardi y Muñiz, in representation of their father, Adolfo Tardi y Ramírez, who was the deceased's brother."

The appellant maintains in his brief that the court committed several errors which we will discuss in the order assigned.

1. *The court erred in permitting the petitioner to amend her petition at the trial.* In the opinion transcribed the court explains that fact. We have examined the record and think that the court acted correctly. In any event it would be necessary to show, and the appellant has not done so, an abuse of discretion in order that the error assigned could justify a reversal of the judgment.

2. *The court erred in the admission of documentary evidence.* The appellant objected to the admission of fifteen documents, to wit: The baptismal certificate of Tomasia Lina or Adela of March 16, 1840; the certificate of the death in 1918 of Adela or Tomasia Tardi; the certificate of marriage of Adela or Tomasia to J. García; the certificate of death of A. Franccioni, the first husband of Adela or Tomasia, in 1888; the certificate of death of J. García in 1891; the certificate of death of Juan Tardi, father of Adela or Tomasia, in 1889; a certificate of the vicar of San Germán relative to his failure to find the entries of the birth of "Adela" and of the death of María A. Ramírez, the wife of Juan Tardi; the certificate of the death of Rosalía Tardi, a sister of Tomasia or Adela, in 1904; the baptismal certificate of Adolfo Tardi, brother of Tomasia or Adela and father of the petitioners, of September 13, 1845; the death certificate of the same who died in 1898; the baptismal certificate of María E. Tardi, in 1878; the baptismal certificate of Eugenia A. Tardi, in 1882; the birth certificate of María Er-

nestina Tardi, in 1886; the will of Juan Tardi wherein the testator declares that his legitimate children are Rosalía, Adela and Adolfo and acknowledges Aniano, Ramón, Juan and Emilio as his natural children; the deed of partition of the estate of Juan Tardi.

The mere naming of the said documents is sufficient to show their materiality in a case of this kind. It is clear that each of them alone does not establish all that was necessary to prove, but considered together and in connection with the testimony of the witnesses, they established the case of the petitioners.

3. *The court erred in entering judgment sustaining the petition, inasmuch as the evidence was insufficient.* We have carefully examined the documentary and oral evidence and in or opinion the conclusions of the trial court are supported by the evidence.

The appellant insists that as the marriage certificates of Juan Tardi and of his son Juan Adolfo, the father of the petitioners, were not presented, the petitioners did not establish their case.

It does not appear in fact that the said certificates were produced. The evidence would have been clearer and more perfect if they had been, but as it is the evidence is sufficient.

The marriage of Juan Tardi to María Antonia Ramírez de Arellano must have taken place more than eighty years ago and that of Juan Adolfo Tardi to María Dolores Muñiz more than forty years ago. In the certificate of baptism of Tomasia made in the year 1840 it is made to appear that she was "a legitimate child of Juan Francisco Tardi and María Antonia Ramírez de Arellano, married and residents of this parish." In the death certificate of Juan Tardi of 1889 it was made to appear that he was a widower; that he had been married to María Antonia Ramírez de Arellano, and that he was succeeded by his legitimate children "Rosalía, Adela and Adolfo Tardi y Ramírez." In the death

certificate of Rosalía, of her baptism in 1845, and of the death of Adolfo in 1898, the same reference is made to their status of legitimate children of Tardi and his wife. In his will made in 1888 Tardi said that he was "married according to the rituals of the Roman Catholic Church to María Antonia Ramírez de Arellano, who bore him three children named Rosalía, married to Pedro Martínez, Adela, married to Antonio Franccioni, and Adolfo a widower." And in the division of Juan Tardi's estate, in which the contestant participated as his natural son, the said marriage was taken as a basis. As to the lawful marriage of Adolfo Tardi to María Dolores Muñiz, reference is made to it in the certificates of baptism of María Edelmira in 1878 and of Eugenia Amelia in 1882, and in the birth certificate of María Ernestina, the petitioners. In these documents not only are their father and mother named, but also their grandparents, Tardi and his wife. Besides, two witnesses testified without objection regarding the status of the petitioners as legitimate children of Adolfo Tardi y Ramírez.

In the light of the principles laid down in the case of *Ex parte Otero et al.*, 27 P. R. R. 315, it is necessary to admit that the evidence examined is sufficient to show that Tomasia, known as Adela Tardi y Ramírez, and Adolfo Tardi y Ramírez were sister and brother, and that the petitioners are legitimate children of Adolfo and, therefore, the legitimate nieces of Tomasia, and this conclusion is not affected by the decisions of this Supreme Court cited by the appellant in the cases of *Aguayo et al.* v. *García*, 11 P. R. R. 263; *Estate of Díaz* v. *Estate of Díaz*, 17 P. R. R. 53, and *Dupont* v. *Aybar*, 25 P. R. R. 290. The circumstances were different in these cases.

4. The appellant finally assigns three other errors committed by the court as follows: In refusing to grant a new trial, in overruling a demurrer and in rendering judgment without jurisdiction.

The order refusing to grant a new trial was not appealed from and it is clear that the petition alleges facts sufficient to establish the right claimed by the petitioners. As regard the lack of jurisdiction, the appellant relies on section 20 of the Special Legal Proceedings Act of 1905 which provides that the court shall enter judgment in cases of this kind within *six* days after the evidence is examined.

It is true that in this case the time allowed had expired, but this did not leave the court without jurisdiction. The statute is directory and although the courts should do everything possible to comply with it in all cases, in furtherance of the speedy administration of justice, when for any reason they can not, they are not thereby divested of the power to decide the case validly thereafter. A different holding would be contrary to the. spirit of the law, as the matter would be further delayed if it should be necessary to commence it anew and again submit it to the court for decision within the time allowed.

By reason of all the foregoing we are of the opinion that the appeal should be dismissed and the judgment appealed from

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.